UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JOSUE OTONIEL RUBI-GONZALEZ,

                          Petitioner,

        -against-

UNITED STATES OF AMERICA,

                          Respondent.
------------------------------------------------------------------------X

For Online Publication Only

**ORDER**
03-CR-851 (JMA)
20-CV-6353 (JMA)

**AZRACK, United States District Judge:**

Petitioner Josue Otoniel Rubi-Gonzalez, proceeding pro se, moves to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 719, "Petition".) For the following reasons, the Petition is DENIED.

## I. BACKGROUND

**A.  Petitioner's Conviction and Sentence**

On July 29, 2009, following a six-day jury trial, Petitioner was convicted of murder-in-aid of racketeering and conspiracy to commit murder-in-aid of racketeering, in violation of 18 U.S.C. §§ 1959(a)(l) and 1959(a)(5), respectively. (ECF No. 450.) Petitioner's convictions were based on his role as a member of the MS-13 gang in the June 30, 2003 murder of Jesus Valentin in Central Islip, New York.[1] On September 25, 2009, Judge Arthur D. Spatt sentenced Petitioner to life imprisonment on the murder count, to run consecutively with a sentence of 10 years on the conspiracy count. (ECF No. 562.)

---

[1] Petitioner was previously convicted for his involvement in Valentin's murder and sentenced to mandatory life imprisonment plus 10 years. (ECF Nos. 265, 312.) However, that judgment of conviction was subsequently vacated and remanded by the Second Circuit. United States v. Rubi-Gonzalez, 311 F. App'x 483 (2d Cir. 2009).

Petitioner then appealed his conviction and sentence. On appeal, he argued principally that that the district court's jury instructions constituted reversible error because the jury should have been required to find a "substantial nexus" between MS-13's criminal activities and interstate or foreign commerce, rather than mere proof of "any effect" or a "minimal effect" on interstate or foreign commerce. The Second Circuit rejected his arguments and affirmed his conviction and sentence on September 30, 2010. United States v. Rubi-Gonzalez, 394 F. App'x 784 (2d Cir. 2010). Petitioner did not further appeal his conviction or sentence.

**B.   Procedural History**

Petitioner sought post-conviction relief from this Court nearly 10 years later, on December 28, 2020. In support of his Section 2255 petition, he claims that he was denied his Sixth Amendment right to the effective assistance of counsel because his criminal defense attorney failed to challenge the following issues: (i) the district court lacked subject matter jurisdiction for the counts of conviction; (ii) the district court lacked personal jurisdiction to impose his sentence; (iii) the Government did not carry its burden to prove each element of the crimes of conviction; and (iv) the district court improperly permitted a witness to be deemed an expert without proper disclosure. (Petition at 5–9.)

## II.   DISCUSSION

Generally, a Section 2255 petition must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "For someone who, like [Petitioner], does not petition [the Supreme Court] for certiorari, a judgment becomes final when the time to seek certiorari expires—ordinarily, 90 days after judgment." Kemp v. United States, 142 S. Ct. 1856, 1860 (2022) (citing Clay v. United States, 537 U.S. 522, 525 (2003); Sup. Ct. R. 13.1). Petitioner did not seek certiorari following the Second Circuit's affirmance, so his judgment of conviction became final 90 days after September 30, 2010. Thus, the one-year statute of

2

limitations for Petitioner to file his Section 2255 petition expired, at the latest, on December 29, 2010. Because Petitioner filed his petition on December 28, 2020—nearly 10 years later—it is untimely under Section 2255(f)(1).

Nevertheless, the Court has discretion to toll the statute of limitations period if Petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Rivas v. Fischer, 687 F.3d 514, 538 (2d Cir. 2012) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)). Alternatively, a petitioner's untimeliness may be excused based on "a credible and compelling claim of actual innocence." Rivas, 687 F.3d at 540; see also Sanchez v. United States, No. 10-CR-392, 2021 WL 2481836, at *1 (S.D.N.Y. June 17, 2021) ("If the requirements for neither § 2255(f) nor equitable tolling are met, Petitioner's claim may be heard only if he shows he is actually innocent.").

### A. Equitable Tolling

Petitioner argues that the Court should excuse his untimely filing because he "is unable to read or write English," and "his court appointed attorney never inform [sic] him that he could file this motion to the sentencing court." (Petition at 13.) Neither excuse is sufficient to establish that equitable tolling should apply.

As an initial matter, the Court notes that equitable tolling "'applies only in rare and exceptional circumstances.'" Ortiz v. United States, No. 18-CR-291, 2023 WL 4157191, at *2 (S.D.N.Y. June 23, 2023) (quoting Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000)). Thus, Petitioner's "pro se status does not in itself constitute an extraordinary circumstance meriting tolling[.]" Doe v. Menefee, 391 F.3d 147, 175 (2d Cir. 2004); see also Geritano v. United States, No. 03-CR-970, 2023 WL 3499511, at *6 (E.D.N.Y. May 17, 2023) ("Courts in this Circuit have routinely denied equitable tolling based on an inmate's pro se status.") (collecting cases).

Furthermore, Petitioner's proffered excuses—lack of English fluency and ignorance of his

3

right to bring a Section 2255 petition—have been rejected repeatedly by courts within this Circuit. See Geritano, 2023 WL 3499511, at *6 (explaining that petitioner's "'ignorance of the right to bring a claim' is insufficient to merit equitable tolling" (quoting Watson v. United States, 865 F.3d 123, 133 (2d Cir. 2017)); Perez v. Royce, No. 20-CV-601, 2020 WL 1975244, at *3 (E.D.N.Y. Apr. 24, 2020) (denying equitable tolling based on petitioner's assertions that he was "totally illiterate with no education," had "no familiarity with the fundamentals of criminal procedural law or administrative law functions," was "unaware" of the one-year limitations period, and had no legal advice); Guzman v. United States, No. 01-CR-257, 2014 WL 3950673, at *2 (S.D.N.Y. Aug. 13, 2014) (denying equitable tolling based on petitioner's claim "that he is unable to understand English and is illiterate in his native Spanish"); Marte v. Brown, No. 09-CV-1036, 2010 WL 1644271, at *3 (S.D.N.Y. Apr. 20, 2010) ("Courts have rejected lack of access to legal services, illiteracy, lack of English fluency, and ignorance of the law as extraordinary circumstances that effectively prohibit a petitioner from pursuing habeas relief.") (internal quotation marks and citations omitted). As a result, Petitioner cannot establish that extraordinary circumstances prevented timely filing.

Even if he could make this showing, however, he would face a "particularly high" burden to show that he acted with reasonable diligence to pursue his rights in the nearly 10-year period after his conviction became final. Sanchez, 2021 WL 2481836, at *3; see also Mateos v. West, 357 F. Supp. 2d 572, 577 (E.D.N.Y. 2005) ("[A]s the petitioner seeks to equitably toll 1,318 days of the limitations period, the petitioner's burden to demonstrate he acted with reasonable diligence throughout this entire period is particularly high."). He has made no effort to carry this heavy burden.

Accordingly, Petitioner has failed to demonstrate that his petition presents a "rare and exceptional circumstance[]" in which equitable tolling applies. Ortiz, 2023 WL 4157191, at *2.

4

B.   **Actual Innocence**

Although Petitioner is not entitled to equitable tolling, the Court may still consider his Section 2255 petition if he can make out "a credible and compelling claim of actual innocence." Rivas, 687 F.3d at 540. As the Second Circuit has explained, "[f]or the claim to be 'credible,' it must be supported by new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Id. at 541 (internal quotation marks and citations omitted). And, "[f]or the claim to be 'compelling,' the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." Id. (internal quotation marks and citations omitted).

To the extent that Petitioner claims that he is actually innocent,[2] his claim is neither "credible" nor "compelling." He does not contend that "new reliable evidence," Rivas, 687 F.3d at 541, demonstrates his innocence—he merely asserts that the Government did not prove that he "committed every element of the crime [sic]." (Petition at 8; see also Pet'r Reply at 6–11, ECF No. 748.) Because Petitioner fails to raise any "new reliable evidence," his claim is not "credible." See Rivas, 687 F.3d at 541. It necessarily follows his claim is not "compelling" either. Id. ("For the claim to be 'compelling,' the petitioner must demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt") (emphasis added).

Petitioner also contends that his petition should be deemed timely because "[w]hen matters of jurisdiction issues are in question the court has a duty to correct any and all harmful jurisdiction

---

[2]   Petitioner only requests that the Court vacate his sentence—not his conviction. (See Petition at 14.) To the extent that Petitioner does not challenge his conviction, "he cannot use actual innocence as a gateway to federal habeas review of his untimely petition." Perez, 2020 WL 1975244, at *3.

5

concerns." (Petition at 13.) However, "'the actual innocence exception is very narrow and is concerned with actual as compared to legal innocence. The exception, therefore, does not apply where the petitioner merely makes a legal argument.'" Sanchez, 2021 WL 2481836, at *3 (quoting Darby v. United States, 508 F. App'x 69, 71 (2d Cir. 2013) (internal quotation marks and citation omitted)); see also Bousley v. United States, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.") (citation omitted). Because Petitioner's jurisdictional argument has no bearing on his factual innocence, he has not demonstrated that the actual innocence exception applies.

### III.   CONCLUSION

For the foregoing reasons, Rubi-Gonzalez's petition is DENIED. Accordingly, his "motion for production of prerequisite expert witness disclosure," (ECF No. 747), is DENIED as moot. The Clerk of Court is respectfully directed to close the corresponding civil case, No. 20-CV-6353.

The Court declines to issue a certificate of appealability because Petitioner has not made a substantial showing that he was denied a constitutional right. See 28 U.S.C. § 2253(c)(2); Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012).

**SO ORDERED.**

Dated: July 12, 2023
Central Islip, New York

　　　　　　　　　　　　　　　　　　　　　　/s/   (JMA)
　　　　　　　　　　　　　　　　　　　　　　JOAN M. AZRACK
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE